UNION TOWNSHIP AND MITCHELL TOWNSHIP v. BENJAMIN F. HESTER.

### No. 263.

1. PRACTICE, DISTRICT COURT — *Demurrer to Petition — Contributory Negligence.* Before a demurrer can be sustained to a petition on the ground that the petition shows on its face that the plaintiff is guilty of contributory negligence, the facts stated must raise such a presumption of negligence that the court would be bound, as a matter of law, to declare that no recovery can be had.

2. ——— *Demurrer to Evidence — Failure of Proof.* "Where the defendant in a case which is being tried by a jury files a demurrer to the plaintiff's evidence on the ground that the evidence does not prove any cause of action, *held*, that, unless the plaintiff has utterly failed by all his evidence to prove his case, or some material fact in issue in the case, the demurrer should be overruled." (*Brown, Adm'r, v. A. T. & S. F. Rld. Co.*, 31 Kan. 1, 1 Pac. 605.)

3. ——— *Instructions Examined.* The special instructions asked for examined, and *held*, that they are, so far as applicable to the facts in this case, covered by the general charge; and further *held*, that the general charge fully states the law of the case.

Error from Rice district court; ANSEL R. CLARK, judge.   Opinion filed October 20, 1898.   Affirmed.

*S. H. Jones,* and *J. W. Brinckerhoff,* for plaintiffs in error.

*Samuel Jones,* and *C. F. Foley,* for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.: This is an action brought by Benjamin F. Hester to recover damages for the loss of a mare that was drowned while he was driving on the highway which forms the line between Union and Mitchell townships. The jury gave plaintiff a verdict and the defendants below bring the case here for review.

It is first contended that the trial court should have sustained the demurrer to the petition of plaintiff for the reason that it did not state facts sufficient to constitute a cause of action, and for the further reason that the facts therein stated showed contributory negligence on the part of the plaintiff. We have examined the petition and cannot concur in the contention of the plaintiffs in error. The petition states a cause of action. The facts alleged raise no such presumption of negligence on the part of the injured person as would justify the trial court, as a matter of law, in sustaining the demurrer.

The second contention of the plaintiffs in error is that the trial count erred in overruling the demurrer to the evidence. Testimony was introduced showing the circumstances of the drowning, and an attempt was made to show contributory negligence. The jury found, in answer to a special question, that there was no contributory negligence on the part of the plaintiff. The evidence is sufficient to sustain this finding.

It is further contended that the demurrer should have been sustained for the reason that the evidence failed to show that the place where the accident occurred was a public highway. The evidence was that the road on which the plaintiff was traveling had been used for twenty-one years by the traveling public and

was on the line between the two townships, though the particular spot where the accident occurred had been opened to the public but a short time.   The road ran north and south and the plaintiff was traveling north. There had been an old road, used for years, which turned off to the northeast and then came back to the section line.   It deflected a short distance south of where the accident happened and converged a little north of the place.   This had been fenced up shortly before the time in question.   The township trustees of each of the townships in question had knowledge that it was to be fenced in, and one of them that it had been fenced, and they had made preparations for putting in a bridge where the accident occurred.   It seems that the trustee of Mitchell township was looking after the matter more than the trustee of Union township, and had dug out the hole in which the mare was drowned.   This hole was in the line of the newly laid out portion of the road, but was outside the forty feet allowed for the highway and over in Union township.   It was only a few feet outside of the limit, however, and was therefore none the less a highway.   (Gen. Stat. 1897, ch. 157, § 12 ;  Gen. Stat. 1889, ¶ 5508.)

It is further contended that the trustees of the respective townships did not have notice of the defect as required by law.   The evidence showed that each had notice about three months before the accident that that portion of the road which diverged was to be closed up and fenced in, and that in accordance with this notice they had prepared to build a bridge over the place where the mare was drowned, and had purchased the material for that purpose.   These facts, with others appearing in the record, were sufficient, in our opinion, to require the trial court to submit the case to the jury upon the evidence introduced by

the plaintiff. The supreme court and this court have repeatedly held that, before a demurrer to the evidence can be sustained, "the court must be able to say that, admitting every fact that is proved which is favorable to plaintiff, and admitting every fact that the jury might fairly and legally infer from the evidence favorable to the plaintiff, still, the plaintiff has utterly failed to make out some one or more of the material facts of his case." (*Brown v. A. T. & S. F. Rld. Co.,* 31 Kan. 16.)

Plaintiffs in error complain that the court erred in giving instructions 7, 8, and 9, but there is nothing in the record, so far as we have been able to discover, showing that exceptions were taken to these instructions. We have examined them, however, and think they correctly state the law applicable to the facts in this case.

The special instructions asked by the defendants below were properly refused. They are, so far as applicable to the facts in this case, fully covered by the general instructions appearing in the record.

The judgment of the district court is affirmed.